UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANESHA R. STEWART,

    Plaintiff

-vs-                                Case No:

SIGMA-ALDRICH CHEMICAL COMPANY

    Defendant

## COMPLAINT

This is a civil action against defendant Sigma-Aldrich Chemical Company alleging deprivation of plaintiff Tanesha R. Stewart's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1981. Stewart, who is Black, alleges that Sigma-Aldrich unlawfully discriminated against her in violation of these statutes by treating her differently and denying her a promotion because of her race. Plaintiff Stewart seeks damages in compensation for the injuries caused by defendant's unlawful conduct and punitive damages for defendant's malicious or wanton violation of plaintiff's rights.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

2. The Eastern District of Wisconsin is a proper venue for this action, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events and omissions giving rise to plaintiff's claims occurred in that district.

## II. PARTIES

3. Plaintiff Tanesha R. Stewart is an adult resident of the State of Wisconsin currently residing at 2225 North Teutonia Avenue, Milwaukee, Wisconsin 53205. Plaintiff Stewart is Black.

4. Defendant Sigma-Aldrich Chemical Company (Sigma-Aldrich) is a corporation licensed to do business in the State of Wisconsin. Sigma-Aldrich's current business address is 6000 North Teutonia Avenue, Milwaukee, Wisconsin 53209. Sigma-Aldrich is an employer within the meaning of Title VII.

## III. ADMINISTRATIVE PREREQUISITES

5. Plaintiff Stewart has filed a timely charge and an amended charge with the Equal Employment Opportunity Commission (EEOC) alleging unlawful discrimination by Sigma-Aldrich on the basis of her race. EEOC investigated the allegations and on September 12, 2013, issued a written Determination finding that, based the evidence submitted to it, there was reasonable cause to believe that unlawful discrimination in violation of Title VII had occurred. Plaintiff Stewart then filed this lawsuit within 90 days of receiving a Notice of Right to Sue from the EEOC.

## IV. FACTUAL ALLEGATIONS

6. In September 2006 plaintiff Stewart was employed by Sigma-Aldrich as a Selector in its Milwaukee Distribution Center. She was considered a good employee by

2

the Company and had been given two promotions.

7.  By early 2011, Stewart held the position of Operator Warehouse 4 - Senior Technician.

8.  In that position she was knowledgeable in the technical aspects of the work performed by employees in all levels of the Operator Warehouse position and served as a Group Lead, insuring that this work was done correctly and instructing employees on how to perform the job. Stewart also filled in as the supervisor of her department when its regular supervisor was off work or not in the area.

9.  In January 2011 Sigma-Aldrich created a Distribution Supervisor Trainee position for the purpose of training employees in the operations of the Milwaukee Distribution Center and the management of its personnel.

10. Between August 2011 and April 2012 Sigma-Aldrich hired five applicants into the Distribution Supervisor Trainee position. All five of the persons hired were Caucasian.

11. On June 6, 2012, plaintiff Stewart applied for an additional Distribution Supervisor Trainee position that Sigma-Aldrich had recently opened for applications.

12. On June 7, 2012, Stewart was interviewed for the position by Alleyne Alderton, a Human Resources Generalist at the Milwaukee Distribution Center. Although Stewart's application indicated that she was going to graduate from Ashford University in August 2012 with a B.A. in Business Administration, Alderton told Stewart that she could not be promoted to the Distribution Supervisor Trainee position because it required that the

applicant have already received a bachelors degree in Operations, Logistics, Natural Science, or Business by the time of hire.

13. After the interview on June 7, 2012, Stewart emailed Alderton, thanking her for the interview and informing her that Stewart had contacted Ashford University and been informed that she would not be receiving her business degree until August 13, 2012. Believing that this fact categorically disqualified her for the Distribution Supervisor Trainee position based on what Alderton had told her at the interview, Stewart told Alderton in her email: "I only wish that circumstances allowed me to progress."

14. Alderton made no response to Stewart's email indicating in any way that Stewart could meet defendant's undergraduate degree requirement by receiving her degree from Ashford within a month or two after being hired.

15. In July 2012 Sigma-Aldrich hired another Caucasian candidate to fill the Distribution Supervisor Trainee position for which plaintiff Stewart had applied. That candidate had received her bachelors degree in May 2012.

16. Plaintiff Stewart received her bachelors degree from Ashford University on schedule in mid-August 2012.

17. On October 2, 2012, Stewart again applied and interviewed with Alleyne Alderton for a new Distribution Supervisor Trainee opening defendant had announced.

18. On October 5, 2012, Alderton informed Stewart that she had again been rejected for the position. Several days later, Sigma-Aldrich hired another Caucasian applicant for the open Distribution Supervisor Trainee position.

4

19. Stewart concluded that she was rejected for this position, despite having now received her bachelors degree, because of her race. She therefore filed a charge with EEOC on or about October 30, 2012, alleging that her rejection for the October 2012 Distribution Supervisor Trainee opening constituted unlawful race discrimination.

20. In or around July 2013 plaintiff Stewart learned for the first time, from the EEOC staff member investigating her charge, that three of the five Caucasian candidates that defendant had hired into the Distribution Supervisor Trainee position prior to Stewart's application for the June 2012 opening had not been held to the same bachelors degree "requirement" that had purportedly disqualified her automatically for that position.

21. Stewart was told that, as with her, the applicants defendant had hired on November 11, 2011, and on March 16 and April 30, 2012, were not scheduled to receive their undergraduate degrees until a month or two after they had applied, but that they had been hired nonetheless.

22. In light of this information, plaintiff Stewart realized that she had not truly been disqualified for the June 2012 opening on this ground and concluded that defendant's ostensible requirement that candidates have already received their bachelors degree before being hired was a pretext for discriminating against her because of her race.

23. Stewart therefore filed an amended charge with EEOC in early August 2013, alleging that her rejection from both the June 2012 and the October 2012 Distribution Supervisor Trainee openings constituted unlawful discrimination because of her race.

5

## V. FIRST CAUSE OF ACTION

### Race Discrimination – Section 1981

24. For a first cause of action against defendant under 42 U.S.C. § 1981, plaintiff realleges each of the preceding paragraphs as though set forth here.

25. By engaging in the conduct described in the preceding paragraphs, including but not limited to applying a substantially less onerous educational requirement to Caucasian candidates for promotion than to plaintiff and rejecting plaintiff for promotion to the Distribution Supervisor Trainee position because of her race, defendant Sigma-Aldrich discriminated against plaintiff in violation of 42 U.S.C. § 1981.

26. Defendant's unlawful conduct, as alleged above, caused plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment. Plaintiff will continue to suffer these damages in the future.

27. Defendant's unlawful conduct, as alleged above, was intentional and undertaken with malice and reckless indifference to plaintiff's rights under 42 U.S.C. § 1981, and plaintiff therefore seeks an award of punitive damages against defendant in order to deter defendant and others similarly situated from such wrongful conduct in the future.

## VI.  SECOND CAUSE OF ACTION

### Race Discrimination – Title VII

28. For a second cause of action against defendant under Title VII, plaintiff realleges each of the preceding paragraphs as though set forth here.

29. By engaging in the conduct described in the preceding paragraphs, including but not limited to applying a substantially less onerous educational requirement to Caucasian candidates for promotion than to plaintiff and rejecting plaintiff for promotion to the Distribution Supervisor Trainee position because of her race, defendant Sigma-Aldrich discriminated against plaintiff in violation of Title VII.

30. Defendant's unlawful conduct, as alleged above, caused plaintiff substantial damages, including but not limited to loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, and humiliation and embarrassment.  Plaintiff will continue to suffer these damages in the future.

31. Defendant's unlawful conduct, as alleged above, was intentional and undertaken with malice and reckless indifference to plaintiff's rights under Title VII, and plaintiff therefore seeks an award of punitive damages against defendant in order to deter defendant and others similarly situated from such wrongful conduct in the future.

## VII.   JURY DEMAND

32. The plaintiff hereby demands that the issues in the above-captioned matter be tried by a jury.

WHEREFORE, the plaintiff demands judgment in her favor on all of her claims and relief as follows:

A. Back wage and benefit loss;

B. Front pay and benefit loss;

C. Loss of earning capacity;

D. Compensatory damages in an amount to be determined;

E. Punitive damages in an amount to be determined;

F. A finding that defendant discriminated against plaintiff on the basis of her race;

G. Plaintiff's reasonable attorneys fees and costs incurred in bringing this action;

H. An order enjoining defendant from further engaging in unlawful and discriminatory practices; and

I. Such other relief as the Court may deem just and proper.

Dated at Monona, Wisconsin, this 13th day of February, 2014.

Respectfully submitted:

FOX & FOX, S.C.

S/Mary E. Kennelly

_____
Mary E. Kennelly
SBN No. 1019036
124 West Broadway
Monona, Wisconsin 53716
Telephone: 608/258-9588
Facsimile: 608/258-9105
Email: mkennelly@foxquick.com